ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| S&L Enterprise, Inc. | ) ASBCA Nos. 58792, 58793 |
| | ) |
| Under Contract No. W912R1-12-C-0002 | ) |

APPEARANCE FOR THE APPELLANT:    Lawrence J. Sklute, Esq.
                                 Sklute & Associates
                                 Potomac, MD

APPEARANCES FOR THE GOVERNMENT:  Raymond M. Saunders, Esq.
                                 Army Chief Trial Attorney
                                 Robert B. Neill, Esq.
                                 Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MELNICK
ON APPELLANT'S MOTION TO DISMISS

Appellant, S&L Enterprise, Inc. (S&L), appeals two final decisions arising from its contract to provide security guard services, but immediately moves to dismiss the appeals without prejudice for lack of jurisdiction. The government consents to the requests. Appellant's motion to dismiss is granted.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 26 October 2011, the government awarded Contract No. W912R1-12-C-0002 to S&L for security guard services for the District of Columbia Army National Guard (R4, tab 1). On 11 September 2012, S&L submitted to the contracting officer a Request for Equitable Adjustment (REA) of the contract for $522,003.44 (R4, tab 9). On 25 September 2012, the government terminated the contract for its convenience (R4, tab 11). On 2 November 2012, S&L resubmitted the REA to the contracting officer, reducing the amount sought to $507,003.40. The revised REA included a certification from S&L's Chief Executive Officer (CEO) that the request was made in good faith and that the supporting data provided was accurate and complete to the best of her knowledge and belief. (R4, tab 15) On 28 January 2013, the government denied the REA (R4, tab 21).

2. On 9 February 2013, S&L submitted a termination settlement proposal to the supervisory contract specialist in response to the government's termination for convenience, seeking $179,256.80 in settlement costs. The proposal included a certification from S&L's CEO that the claim was made in good faith, the supporting data

was accurate and complete to the best of her knowledge and belief, that the amount requested accurately reflected the contract adjustment for which S&L believed the government was liable, and that she was authorized to certify the claim. (R4, tab 26)

3. On 28 February 2013, S&L's attorney submitted a letter to the contracting officer referring to its 2 November 2012 REA that had been denied on 28 January 2013. The letter notified the contracting officer that he should consider it to be S&L's "claim for the amount requested in the REA Letter, as adjusted below." It sought $508,778.40. There is no certification accompanying the letter. (R4, tab 33)

4. On 5 March 2013, the contracting officer responded to S&L's 9 February 2013 termination settlement proposal, seeking information relating to six identified subjects, plus an explanation supporting its calculations. The letter also sought clarification as to whether the 9 February submittal was a claim or a settlement proposal. (R4, tab 34)

5. On 29 April 2013, the contracting officer issued a final decision regarding S&L's termination settlement proposal. The decision indicated that no response had been received to the contracting officer's 5 March request for information. The decision deemed S&L unwilling to negotiate and declared an impasse. S&L's settlement proposal was denied except for $4,738.80. That sum was withheld as a result of a Department of Labor (DOL) request. (R4, tab 35)

6. On 30 April 2013, the contracting officer also denied S&L's 28 February 2013 claim for $508,778.40, arising from the previous denial of its REA (R4, tab 36).

7. On 24 July 2013, the Board received S&L's notice of appeal from both the 29 and 30 April 2013 final decisions. The appeal from each decision was assigned a separate docket number, which were then consolidated. S&L's notice of appeal sought the immediate dismissal of both appeals for lack of jurisdiction. S&L contended that its termination settlement proposal never ripened into a claim that could become the subject of a final decision. However, it excluded from its request for dismissal its appeal from the contracting officer's withholding of funds in response to the DOL request. S&L sought the dismissal of its appeal from the denial of its claim stemming from its REA because it was never certified. The government's response represented that it concurred with S&L's request to dismiss. Specifically, the government did not dispute S&L's contention that its termination settlement proposal had not ripened into a claim. The government also concurred with S&L that its purported claim stemming from the denial of its REA was not certified.

2

DECISION

Under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, to pursue an appeal to this Board a contractor must submit a claim to the contracting officer for a decision or a deemed denial. To the extent the claim exceeds $100,000, it must be accompanied by a certification that it is made in good faith, the supporting data is accurate and complete to the best of the contractor's knowledge and belief, the amount requested accurately reflects the contract adjustment for which it believes the government is liable, and the certifier is authorized. 41 U.S.C. §§ 7103-7105.

I.    Termination Settlement Proposal (ASBCA No. 58792)

Within one year after the government terminates a contract for convenience, the contractor is required to submit a termination settlement proposal to the contracting officer. FAR 52.249-2(e). Upon its initial submission, that proposal is for the purpose of negotiation; it is not a CDA claim. Only if the negotiation reaches an impasse can the proposal ripen into a claim. At that point, the contracting officer must issue a unilateral determination that constitutes a final decision appealable to this Board. *Dev. & Evolution Constr. Co.,* ASBCA No. 58342, 13 BCA ¶ 35,453 at 173,860. Although the contracting officer's final decision regarding S&L's termination settlement proposal declared that the parties had reached an impasse (SOF ¶ 5), the parties now agree that no impasse occurred. We accept what is essentially a stipulation of fact between the parties, and accordingly conclude that S&L's termination settlement proposal did not ripen into a claim. Because no claim exists yet for termination costs, the decision purporting to rule upon those costs is a nullity and we dismiss the entire appeal from it.

II.   Claim Arising From REA (ASBCA No. 58793)

S&L's purported claim arising from the denial of its REA was for $508,778.40 (SOF ¶ 3). Because the amount exceeded $100,000, S&L was required to certify it under 41 U.S.C. § 7103(b). The parties agree that the claim was not certified, and our review reveals no certification accompanying the claim (SOF ¶ 3).[1] Accordingly, the appeal respecting that purported claim is also dismissed.

---

[1]    S&L's revised REA contained a certification that included some of the elements of a CDA certification (SOF ¶ 1). The Board may exercise jurisdiction over an appeal from a claim that was the subject of a defective, but correctible, certification. 41 U.S.C. § 7103(b)(3). S&L does not contend that its REA certification applied to the purported claim it submitted after the REA was denied.

3

## CONCLUSION

The appeals are dismissed for lack of jurisdiction.

Dated: 24 April 2014

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 58792, 58793, Appeals of S&L Enterprise, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4